**Joe Carl CUMINS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–89–818.**

Court of Criminal Appeals of Oklahoma.

June 28, 1990.

C. Rabon Martin, Martin & Associates, Tulsa, for appellant.

Robert H. Henry, Atty. Gen. and Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Joe Carl Cumins, appellant, was charged with the crime of Leaving the Scene of a Personal Injury Accident (47 O.S.1981, § 10–102) in the District Court of Tulsa County, Case No. CRF–89–2060. On May 23, 1989, the date set for arraignment, appellant appeared pro se before the district court and refused to answer certain questions posed by the judge. Thereupon, appellant was cited for direct contempt of court (21 O.S.1981, § 565) and sentenced to six (6) months incarceration in the county jail. On June 5, 1989, the trial court suspended the balance of appellant's sentence. From said Judgment and Sentence, appellant has perfected this appeal.

As his first assignment of error, appellant contends that his actions in court on the day in question were not contemptuous. The record reveals that when he appeared before the court pro se, appellant was asked whether he had retained counsel. Appellant responded in the negative, claimed that he could not afford to retain private counsel, and asserted his belief that the judge was being unfair in "insisting" that he obtain the same. The following colloquy then transpired:

Q: Where do you reside?

A: I reside at 6533 North Quincy in Turley, America.

Q: Do you own that residence?

A: No, sir, I do not. I rent.

Q: All right. Do you own a vehicle?

A: Well, that's really irrelevant, Your Honor, because—

Q: No, it's not.

A: I believe you're prejudiced against me—

Q: Mr. Cumins, are you going to answer my question?

A: I want to make a statement for the record.

Q: No. Are you going to answer my question?

A: I believe you're prejudiced against me, sir.

Thereupon, the judge held appellant in direct contempt of court for failing to answer the questions. (Tr. 2–3).

■ Title 21 O.S.1981, § 565, provides inter alia that "[d]irect contempts shall consist of disorderly or insolent behavior committed during the session of the court and in its immediate view, and presence, and of the unlawful and willful refusal of any person to be sworn as a witness, and the refusal to answer any legal or proper question; ..." Appellant first asserts that the second and third clauses set forth above must be read together and that the third clause applies only to a sworn witness who refuses to answer questions. Because he was not sworn as a witness, appellant claims that his utterances fell outside of the intended scope of the statute. We disagree. The two phrases at issue are separated by a comma and the word "and," and neither phrase contains a reference to the other. Therefore, we find that the two phrases are mutually exclusive and make punishable two completely distinguishable types of conduct.

■ Appellant next maintains that the proper remedy for his actions would have been for the trial court to refuse to appoint a public defender. Because such action, absent a knowing and voluntary waiver, would have denied appellant the right to counsel guaranteed by the Sixth Amendment to the United States Constitution and art. II, § 20 of the Oklahoma Constitution, we reject this proposition.

■ We also reject appellate counsel's argument that appellant should not have been held in contempt because he may not have understood why the questions were being asked. In his brief, counsel concedes that the trial court was pursuing a proper function in questioning appellant regarding his status as an indigent. A determination of whether a person understands the question of the court is not a prerequisite to holding one in direct contempt under § 565. See Young v. State, 275 P.2d 358, 368 (Okl.Cr.1954). Moreover, after reviewing the record, we find that the context in which the questions were asked was abundantly clear.

■ Finally, we reject appellant's argument that he did not, in fact, refuse to answer the questions of the judge. Rather, appellant claims, "He simply did not get around to answering it because of his preoccupation with the court's bias." We deem this argument completely without merit. The court specifically asked appellant twice whether or not he intended to answer the question. As appellant refused to even answer these questions, we find that the trial court did not err in finding him in contempt.

■ As his second assignment of error, appellant alleges that the trial court erred in holding him in contempt because the assertion of judicial bias is constitutionally protected speech. We note, however, that the court did not find appellant in contempt for asserting judicial bias. Rather, appellant was found in contempt for "failing to answer the questions" posed by the court. (Tr. 3). Accordingly, we hold that appellant was not punished for exercising his First Amendment rights.

■ Appellant finally claims that requiring him to admit ownership of a car would have been tantamount to requiring him to incriminate himself. In support of this proposition, appellant reiterates that he appeared before the court on a charge of Leaving the Scene of an Injury Accident and argues that ownership of an automobile had a direct bearing on the merits of the criminal proceeding. We disagree.

Title 47 O.S.1981, § 10–102, the statute under which appellant was charged, provides punishment for the driver of any vehicle involved in a personal injury accident who willfully, maliciously, or feloniously fails to comply with the provisions of the statute. Ownership of the vehicle involved in such an accident is irrelevant to a charge under § 10–102. The State was required to prove that appellant was the driver of the car involved in the accident, not that he was the owner. Thus, appellant's admission to automobile ownership, even admitting ownership of the car in question, had no bearing on the crime charged. Accordingly, we find that appel-

lant's right against self-incrimination was not abridged through the trial court's questions and subsequent finding of contempt.

The Judgment and Sentence is AFFIRMED.

LANE, V.P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.